United States District Court
Northern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BEVERLY CLOUDY,<br><br>Defendant. | Case No.: CR-13-00028-CW-2 (KAW)<br><br>ORDER OF REVOCATION AND DETENTION |

## I. BACKGROUND INFORMATION

Defendant Beverly Cloudy was charged by indictment with violations of 21 U.S.C. § 846 (conspiracy to possess with intent to distribute and to distribute controlled substances), 21 U.S.C. § 841(a)(1) (possession with intent to distribute controlled substances), and 21 U.S.C. § 1028(a)(7) (identity theft). On December 21, 2012, Defendant was granted pretrial release on a $25,000 unsecured bond, with several conditions of release, including supervision by U.S. Pretrial Services. Defendant's brother, James Cloudy, and daughter, Kimberlee Espadron, both signed Defendant's bond as sureties.

On August 19, 2013, Defendant was arrested and charged with three counts of theft of elder/dependent adult by a caretaker. Defendant did not inform Pretrial Services of her arrest. Instead, Pretrial Services learned of this new offense upon reviewing Defendant's updated criminal records. When Pretrial Services contacted Defendant, she indicated that she was unaware that she was supposed to inform Pretrial Services of the arrest. Her pretrial release reporting instructions, however, include the requirement that Defendant inform her pretrial services officer immediately if she is charged with any offense. In addition, one of the conditions of Defendant's release is that she not commit any Federal, State, or local crime while on release.

ORDER OF REVOCATION AND DETENTION
CR-13-00028-CW-2 (KAW)                        1

On November 5, 2013, a hearing was held on the Government's motion for revocation of Defendant's pretrial release pursuant to 18 U.S.C. § 3148. Defendant was present and represented by Roger Patton. Assistant United States Attorney Amanda Beck (for Kevin Barry) appeared on behalf of the Government. Pretrial Services Officer Silvio Lugo was also present. For the reasons set forth below, the Court orders that Defendant's pretrial release be revoked and that she be remanded to federal custody pending trial.

## II. LEGAL ANALYSIS

The Bail Reform Act requires that in a pretrial posture, the government bears the burden of proving that a defendant poses a risk of flight and/or a danger to the community that cannot be mitigated through the imposition of conditions of release. A person facing trial generally shall be released if some "condition, or combination of conditions . . . [can] reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c). The Bail Reform Act "mandates release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required." *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985).

After release, the Government may initiate a proceeding for revocation of an order of release by filing a motion with the district court. 18 U.S.C. § 3148(b). The judicial officer shall enter an order of revocation and detention if the court makes a finding that there is either "probable cause to believe that the person has committed a Federal, State, or local crime while on release;" or "clear and convincing evidence that the person has violated any other condition of release; and" finds that either "there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community" or "the person is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b).

### A. Commission of a Crime and Violation of Conditions of Release

Defendant's arrest and charge in the subsequent criminal matter for theft of elder/dependent adult by a caretaker establishes probable cause to believe that Defendant committed a Federal, State, or local crime while on pretrial release. The commission of such a

ORDER OF REVOCATION AND DETENTION
CR-13-00028-CW-2 (KAW)                                2

crime is a violation of the terms of Defendant's pretrial release.  This gives rise to a rebuttable presumption that no condition or combination of conditions will assure that Defendant will not pose a danger to the safety of any other person or the community.  18 U.S.C. § 3148(b).  The fact that the elderly victim has requested that the charges be dropped does not disturb the presumption; nor does the fact that Defendant admitted that she committed a wrong and agreed to make amends after she was caught.  The police report indicates that Defendant admitted to stealing money from her employer, an elderly woman suffering from Parkinson's disease.  Specifically, Defendant admitted to accessing the victim's bank account without permission multiple times and obtaining approximately $4,745 in funds from that account.  Defendant has not returned the money to the victim.  She lost it gambling.  On these facts and given that Defendant remains in the employ of the elderly victim, Defendant has not made any showing that would rebut the presumption that she is a danger to her elderly employer, at the very least.  In addition, the underlying offense in this case involves fraudulent acts by Defendant.  It is alleged that Defendant wrote and filled prescriptions using a fraudulent prescription pad under a suspended doctor's name.

Being out of custody on a bond in this case has not deterred Defendant from committing further fraudulent acts.  Accordingly, no condition or combination of conditions will assure that Defendant will not pose a danger to the safety of any other person or the community.

**B. Unlikely to Abide by Any Condition or Combination of Conditions of Release**

Defendant was released on a $25,000 unsecured bond signed by her brother and her daughter.  Both Defendant's brother and daughter have put their personal financial security at risk by signing Defendant's release bond.  Now that Defendant has failed to abide by the conditions of her release, their entire future is at risk should the Government seek forfeiture due to Defendant's failure to abide by the conditions of his release.  Defendant's alleged commission of another crime while on release shows that her brother and daughter do not provide sufficient moral suasion to ensure that she will abide by the conditions of her release.  It is therefore unlikely that Defendant will abide by any condition or combination of conditions of release.

Moreover, it appears that Defendant failed to report her new employment to Pretrial Services and failed to inform Pretrial Services of her change of address, as she has been living with the victim.  Finally, the court is concerned with Defendant's dishonesty and failure to accept responsibility for her actions.  Defendant continues to refer to her arrest as a "mistake."  Yet, Pretrial Services convincingly argues that the victim is seeking to have the charges rescinded due to further pressure and manipulation by Defendant.  Defendant was released on bond in state court and has a preliminary hearing scheduled for November 8, 2013.  The Solano County Adult Protective Services Division has assigned a social worker to the victim in that case.

### III.  CONCLUSION

In light of the above, Defendant's pretrial release is revoked, and she is remanded to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: November 8, 2013

KANDIS A. WESTMORE
United States Magistrate Judge